IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PAUL MARK CARTER,                       )
                                         )
        Plaintiff,                       )
                                         )
    -vs-                                 )    Civil Action No. 16-1783
                                         )
NANCY A. BERRYHILL,[1]                   )
COMMISSIONER OF SOCIAL SECURITY,         )
                                         )
        Defendant.                       )

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Background

Plaintiff Paul Mark Carter ("Carter") brings this action pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3) for review of the ALJ's decision denying of his claim for supplemental security income (SSI), a period of disability, and disability insurance benefits ("DIB") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-34, 1381-1383f. Carter alleges a disability beginning on August 22, 2013. (R. 14) Following a hearing before an ALJ, during which both Carter and a vocational expert ("VE") testified, the ALJ denied his claims. The ALJ concluded that Carter had the residual functional capacity ("RFC") to perform light work with several restrictions. (R. 23) Carter appealed. Pending are Cross Motions for Summary Judgment. *See* ECF Docket Nos. [10] and [12]. After careful consideration, the case is affirmed.

### Legal Analysis

1. Standard of Review

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

1

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as Amore than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate. *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler,* 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel,* 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the claimant must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has

lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986). The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P, appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. 20 C.F.R. § 404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). Dobrowolsky, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). Id. A district court, after reviewing the entire record, may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

    2. <u>SSR 83-12 and the Erosion of the Occupational Base</u>

As set forth above, the ALJ concluded that Carter had the residual functional capacity to perform light work with certain restrictions. More specifically, the ALJ found, in relevant part, that Carter could perform light work "as defined in 20 C.F.R.

3

404.1567(b) and 416.927(b), except throughout the day the claimant must alternate positions; he can sit for about 4 hours and stand / walk about 4 hours per 8-hour workday, but must sit down for 5 minutes after standing or walking for 30 minutes; and must stand for 5 minutes after sitting for approximately 1 hour; but would remain on task whether sitting or standing." (R. 19) Carter reasons that these additional limitations erode the occupational base for "light work" and that the ALJ erred by failing to properly consider and specify the erosion of the occupational base.

Social Security Ruling 83-12 provides guidance for evaluating exertional limitations within a range of work or between ranges of work:

> Where an individual exertional RFC does not coincide with the definitions of any one of the ranges of work in sections 404.1567 and 416.967 of the regulations, the occupational base is affected and may or may not represent a significant number of jobs in terms of the rules directing a conclusion as to disability. The adjudicator will consider the extent of any erosion of the occupational base and [assess] its significance. In some instances, the restriction will be so slight that it would clearly have little effect on the occupational base. In cases of considerably greater restriction(s), the occupational base will obviously be affected. In still other instances, the restrictions of the occupational base will be less obvious. Where the extent of erosion of the occupational base is not clear, the adjudicator will need to consult a vocational resource.

SSR 83-12. After careful consideration, I find that the ALJ adequately considered the extent of any erosion of the occupational base under SSR 83-12. The ALJ noted that Carter's "ability to perform all or substantially all of the requirements of this [light] level of work has been impeded by additional limitations." (R. 23) Consequently, in order "[t]o determine the extent to which these limitations erode the unskilled light occupational base," the ALJ "asked the vocational expert whether jobs exist in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity." (R. 23) The VE responded that Carter would be able to perform the

4

requirements of the representative occupations such as a sorter, a ticket taker, and a ticket seller. (R. 23) Further, the ALJ confirmed that the VE's testimony was consistent with the Dictionary of Occupational Titles ("DOT"). (R. 23) To the extent that the DOT did not address a sit / stand option, the VE explained that the occupations and numbers he identified in response to the hypothetical questions "were based upon his education, training and on-site job analysis of similar positions." (R. 24) This is sufficient. *See Tisoit v. Barnhart*, 127 Fed. Appx. 572 (3d Cir. 2005) (finding that "the ALJ adequately considered the extent of any erosion of Mr. Tisiot's occupational base for sedentary work and its significance" where he consulted with a VE about what jobs the claimant could perform in the economy); and *Rainey v. Colvin*, Civ. No. 15-594 (W.D. Pa. Oct. 1, 2015) (finding that the ALJ followed the letter and spirit of SSR 83-12 where the ALJ acknowledged that the claimant's ability to perform all of the requirements of light work had been impeded by additional limitations and went on to ask the VE whether jobs existed in the national economy for an individual with the claimant's age, education, work experience, and RFC). Consquently, I find that remand on this issue is not appropriate.

### 3. The Weight Accorded to the Medical Source Statements

Carter also takes issue with the amount of weight the ALJ accorded the opinion evidence. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id*, § 416.927(c)(4). In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

5

> "A cardinal principle guiding disability is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time." *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (quoting *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, 'where … the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r. of Soc. Sec. Admin.*, Civ. No. 10-2517, 2010 WL 5078238, at * 5 (3d Cir. Dec. 14, 2010). Although an ALJ may choose who to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r. of Soc. Sec.*, 577 F.3d 500, 505 (3d Cir. 2009).

In this case Carter urges that the ALJ was inconsistent with respect to the weight he gave physician opinions. *See* ECF docket no. 11, p. 15-17. Opinions from three different physicians declare Carter unable to work;[2] able to perform light work;[3] and unable to perform even sedentary work.[4] The ALJ accorded the first opinion "great weight" and the remaining two opinions "partial weight." Yet he ultimately found Carter able to perform a limited range of "light work." (R. 23) According to Carter, "[t]he decision contains no explanation by the ALJ for the contradictory analysis regarding both source statements, nor does she attempt to reconcile the weight provided to the state agency and consultative examiner findings with that of Plaintiff's physician." See ECF docket no. 11, p. 16.

---

[2] Dr. Dougherty provided a Medical Source Statement in which she opined that Carter was unable to complete an 8-hour workday. (R. 454-59, 474-79).
[3] Dr. Paul Fox, a state agency medical consultant, assessed Carter and found him to be able to perform light work. (R. 86-89)
[4] Dr. Heather Porter, Carter's treating physician, opined that Carter's impairments would prevent him from attending scheduled work at least 15 days per month. (R. 641).

6

I disagree. The ALJ clearly explained that, although she gave the opinion offered by Dr. Dougherty, a consultative examiner, "great weight" because it was consistent with the record as a whole, she found her opinion to be relevant "*only to the time that Dr. Dougherty saw the claimant, which was one month after his L4-L5 fusion*." (R. 22) (emphasis added) As the ALJ noted, Dr. Dougherty's opinion included a notation that Carter's restrictions were post-operative and that his recovery "remains to be seen." (R. 22). Thus, the ALJ's decision to give Dr. Dougherty's opinion great weight but to limit the effect of the opinion to Carter's "post-operative status" is entirely reasonable. *See Watson v. Colvin*, Civ. No. 14-809, 2016 WL 319629 at * 4 (E.D. N.C. Jan. 4, 2016) (finding substantial evidence supported an ALJ's decision to discount a physician's opinion because it "was given during the postoperative period and did not have the benefit of later evaluations.") As a consequence, finding other medical opinions to be more relevant to the issue of Carter's restrictions following that period of time does not reveal an inconsistent approach. With respect to Dr. Porter, the ALJ explained that she gave her opinion[5] "partial weight" because the opinion "is not consistent with the record as a whole, including the objective findings on the physical examinations or the diagnostic studies, … and is internally inconsistent." (R. 22) These are entirely appropriate and valid reasons for discounting opinions. See 20 C.F.R. § 404.1527 and § 416.927 (evaluating opinion evidence) Further, substantial evidence of record supports the ALJ's findings in this regard.[6] Finally, the ALJ gave the opinion rendered by Dr. Paul Fox, a non-examining state agency consultant, only "partial weight." Dr. Fox found

---

[5] Dr. Porter declared Carter "not able to work at this time" because of severe low back pain which radiated "mostly down the right leg and occasionally down the left." (R. 427) Dr. Porter opined that Carter was not able to "sit, stand or walk for more than 15 or 20 minutes at a time without the pain worsening or the numbness beginning." (R. 427)
[6] For instance, during examinations Carter demonstrates normal strength, sensation, reflexes and gait as well as negative straight leg tests. (R. 865, 949-50, 961-62, 985-86).

Carter capable of "light work." (R. 89) The RFC adopted by the ALJ "is more restrictive in light of the claimant's surgery and residual left leg pain." (R. 22) In sum, the ALJ provided explanations for the weight accorded to each opinion. Those reasons are supported by substantial evidence in the record.  Consequently, the ALJ's decision is affirmed.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PAUL MARK CARTER, )
   Plaintiff, )
  )
-vs- ) Civil Action No. 16-1783
  )
NANCY A. BERRYHILL,[7] )
COMMISSIONER OF SOCIAL SECURITY, )
  )
   Defendant. )

AMBROSE, Senior District Judge.

## **ORDER OF COURT**

Therefore, this 8th day of February, 2018, it is hereby ORDERED that the decision of the ALJ is affirmed. It is further ORDERED that Plaintiff's Motion for Summary Judgment (Docket No. 10) is DENIED and Defendant's Motion for Summary Judgment (Docket No. 12) is GRANTED.

                      BY THE COURT:

                      /s/ Donetta W. Ambrose
                      Donetta W. Ambrose
                      United States Senior District Judge

---

[7] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.